UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MANUEL GONZALEZ,

                              PLAINTIFF,          **COMPLAINT**

            -AGAINST-                               **ECF CASE**

NEW YORK CITY and NEW YORK CITY
DEPARTMENT OF CORRECTION OFFICER JOHN
DOE, individually, and in his capacity as a member of the
New York City Department of Correction,

                              DEFENDANTS.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which Plaintiff Mr. Manuel Gonzalez ("Mr. Gonzalez") seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about February 28, 2015, in which officers of the New York City Department of Correction ("NYCDOC"), acting under color of state law, intentionally and willfully subjected Plaintiff to a denial of due process.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

6. Mr. Gonzalez is a United States citizen and at all times here relevant resided at 2709 Randall Avenue, Apartment 4D, Bronx, NY 10465.

7. New York City is a municipal corporation organized under the laws of the State of New York, which runs and operates the New York City Department of Correction ("NYCDOC").

8. NYCDOC Correction Officer John Doe ("CO John Doe") at all times here relevant was a member of the NYCDOC and is sued in his individual and professional capacity.

9. At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Gonzalez is a 43-year old citizen of the United States.

11. On or about February 28, 2015, at approximately 2:00 am, Mr. Gonzalez was arrested in the subway station at 168th Street in Manhattan.

12. Mr. Gonzalez was taken to Central Bookings and charged the next day with Possession of a Forged Instrument.

13. Mr. Gonzalez posted bail in the evening of March 1, 2015.

14. However, the NYCDOC did not release Mr. Gonzalez from Central Bookings.

15. Mr. Gonzalez was held at Central Bookings on account of a warrant that had previously been dismissed and vacated.

16. Mr. Gonzalez repeatedly informed the NYCDOC and CO John Doe that there must have been a mistake and that he should be released, but the NYCDOC and CO John Doe continually ignored Mr. Gonzalez's pleas.

17. On or about March 5, 2015, a Judge ordered the NYCDOC to release Mr. Gonzalez.

18. Mr. Gonzalez was eventually released from Central Bookings on or about March 5, 2015.

19. Mr. Gonzalez continues to feel frustrated and upset by the events of March 2015, and is wary and fearful when he sees NYPD officers.

20. Mr. Gonzalez feels frustration, anxiety, embarrassment and humiliation as a result of the incident.

## FIRST CAUSE OF ACTION

(42 USC 1983 – Denial of Due Process)

21. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

22. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

23. Defendants have deprived Plaintiff of his right to due process, pursuant to the Fourteenth Amendment to the United States Constitution, in that Defendants were deliberately indifferent by ignoring clear evidence and ignoring Plaintiff's repeated protests of innocence, resulting in Plaintiff suffering continued detention after it should have been known that Plaintiff was entitled to release.

24. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Monell Claim)

25. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

26. New York City has a practice and policy of unlawfully detaining individuals on account of warrants that have been previously dismissed and vacated.

27. This practice and policy was so consistent and widespread that a supervising policy-maker must have been aware of it.

28. This practice and policy has been documented in previous lawsuits and has been reported on numerous occasions by the press, including the NY Daily News.

29. On May 22, 2015, the NY Daily News reported on the case of Rafael Satterield, who was arrested on numerous occasions during 2011 and 2012 on account of a warrant that had previously been dismissed and vacated by a Supreme Court Judge.

30. The NY Daily News reported that police officials and court officials have both acknowledged that individuals have been, and continue to be, arrested and held on warrants that have been previously dismissed and vacated.

31. New York City was a final decision maker and, as a matter of practice and policy, has acted with a reckless indifference to Plaintiff's rights under the Constitution and laws of the United States.

32. New York City knew or should have known that this practice and policy would likely result in constitutional violations of individuals, such as Plaintiff.

33. As a result, Plaintiff has been damaged in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

34. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

> In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of Plaintiff's causes of action;
>
> Awarding Plaintiff punitive damages in an amount to be determined by a jury;
>
> Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; and such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 13, 2016

By: /s/
Duncan Peterson (DP 7367)
Peterson Delle Cave LLP
Attorney for Plaintiffs
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075